IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEGGY J. HALLAS,

        Plaintiff,

    v.

AMERIQUEST MORTGAGE COMPANY,
a Delaware corporation,
FIDELITY NATIONAL TITLE IN-
SURANCE COMPANY, a California
corporation, and DEUTSCHE BANK
NATIONAL TRUST COMPANY, a
NATIONAL ASSOCIATION, TOWN &
COUNTRY TITLE SERVICES, a
California corporation,

        Defendants.

No. CV-04-433-HU

OPINION & ORDER

Terrance J. Slominksi
7100 S.W. Hampton, Suite 129
Tigard, Oregon 97223

    Attorney for Plaintiff

David M. Jacobson
DORSEY & WHITNEY LLP
US Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, Washington 98101

    Attorney for Defendants Ameriquest Mortgage Company,
    Deutsche Bank National Trust Company, and Town & Country
    Title Services

1 - OPINION & ORDER

HUBEL, Magistrate Judge:

Plaintiff Peggy Hallas brings this action regarding a nonjudicial foreclosure and subsequent sale of her real property. She brings the following claims against the following defendants: (1) claims under the Truth in Lending Act against defendants Ameriquest Mortgage Company and Deutsche Bank National Association; (2) a claim under the Fair Debt Collection Practices Act against Fidelity National Title Insurance Company and Town & Country Title Services; (3) a claim under Oregon's Unfair Debt Collection Practices Act against Ameriquest; (4) a claim of slander of title against Fidelity and Deutsche Bank; (5) a claim to remove cloud on title against Deutsche Bank; (6) a claim for breach of contract against Ameriquest and Fidelity; and (7) a claim for declaratory relief against Ameriquest, Fidelity, and Deutsche Bank seeking a declaration that Ameriquest did not have a valid Deed of Trust or that the foreclosure and deed to Deutsche Bank was not done in accordance with applicable law.

Plaintiff moves for partial summary judgment on her claim for declaratory relief, seeking a declaration that the trustee's deed to Deutsche Bank was wrongful and void and that plaintiff is still the lawful owner of her property. Defendants Ameriquest, Deutsche Bank, and Fidelity National Title cross-move for summary judgment on the same issue. All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). I deny plaintiff's motion and grant defendants' motion.

BACKGROUND

Most of the facts are undisputed. In 2002, plaintiff and

2 - OPINION & ORDER

Ameriquest entered into discussions regarding the refinance of her home located at 1018 NW 92nd Street in Vancouver, Washington. On November 22, 2002, plaintiff signed mortgage refinance documents in Portland, Oregon.

The Ameriquest loan allowed plaintiff to pay off her existing home loan of $151,032.65 to Novastar Mortgage, and to receive an additional $4,182.57 in cash. The settlement statement correctly stated the street address of the property at 1018 NW 92nd Street in Vancouver, Washington.

Plaintiff's property has the legal description of "Lot 8, Jay Lee Terrace, according to the plat thereof, recorded in Volume G of plats page 223, records of Clark County, Washington." However, the property description attached as Exhibit A to the Deed of Trust executed by plaintiff and Ameriquest erroneously listed the legal description as "Lot 9, Jay Lee Terrace, according to the plat thereof, recorded in Volume G of plats page 223, records of Clark County, Washington."

The copy of this Deed of Trust attached to the Affidavit of Claire Cotter, Litigation Analyst for Ameriquest, has on the first page an "abbreviated legal description" as follows: "Lot 9 Jay Lee Terrace G/223." Exh. 1 to Cotter Affid. at p. 4. Exhibit A to the Deed of Trust contains the full legal description as noted in the preceding paragraph. Id. at p 7.

Plaintiff states that when she signed the Deed of Trust, it did not have an "abbreviated legal description" written on the first page and did not have an Exhibit A attached containing the full legal description. Attached to her declaration is a copy of the Deed of Trust which plaintiff initialed and which bears the

3 - OPINION & ORDER

signature of someone at Ameriquest certifying that it is a true and correct copy of the original document. On this copy, the space for the abbreviated legal description is blank. Defendants dispute that the document lacked the abbreviated legal description or the Exhibit A with the full legal description.

On January 23, 2003, Ameriquest sent plaintiff a notice regarding its intent to foreclose on her home due to her failure to make her January 1, 2003 payment. The notice identified the property only by street address, at 1018 NW 92nd Street in Vancouver. Plaintiff paid the January 1, 2003 payment after receiving the foreclosure notice.

Due to a complaint lodged by plaintiff with the State of Washington and the State of Oregon regarding the refinance transaction, the State of Oregon subpoenaed documents from Ameriquest. Plaintiff contends when she received the complete copies of all the loan documents from the State of Oregon, and then checked with the county recorder's office, she learned that the Deed of Trust was not on her property (Lot 8) but was on her neighbor's home (Lot 9).

On April 15, 2003, Ameriquest sent plaintiff a notice of default regarding her failure to make payments due February 1, 2003, March 1, 2003, and April 1, 2003. It contained the correct street address of the property.

On June 30, 2003, Fidelity, on behalf of Ameriquest, sent plaintiff a notice of default for failing to make payments due February 1, 2003, March 1, 2003, April 1, 2003, May 1, 2003, and June 1, 2003. The notice of default identified the property with the erroneous Lot 9 legal description, but it did correctly recite

4 - OPINION & ORDER

the street address of 1018 NW 92nd Street, Vancouver.

On August 12, 2003, trustee Ticor Title Insurance recorded a Notice of Trustee's Sale for plaintiff's property. It gave the correct Lot 8 legal description as well as the correct street address. It also included the required notice that anyone having objections to the sale on any grounds would be given an opportunity to be heard as to those objections if they brought a lawsuit to restrain the sale pursuant to RCW 61.24.130, and that failure to bring such a lawsuit could result in a waiver of any proper grounds for invalidating the trustee's sale.

In November 2003, plaintiff filed for bankruptcy and the trustee's sale was postponed. Plaintiff's bankruptcy petition was dismissed on December 15, 2003.

On January 9, 2004, plaintiff's property was sold at the trustee's sale. On January 14, 2004, a trustee's deed was recorded in Clark County, conveying the property to Deutsche Bank, as trustee of Ameriquest. That trustee's deed accurately identified the property with the Lot 8 legal description.

Despite the foreclosure sale, plaintiff still lives in the house and eviction proceedings have been abated pending the outcome of this litigation.

## STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Id.; In re Agricultural Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

/ / /

6 - OPINION & ORDER

DISCUSSION

Plaintiff contends that because of the erroneous Lot 9 description in the original Deed of Trust recorded at the time of the refinance, and because the notice of default also contained the erroneous legal description, the sale of the property at the trustee's sale is void. Defendants argue that the original Deed of Trust can be reformed and as reformed, is valid. For the reasons explained below, I agree with plaintiff that the original Deed of Trust was invalid as to Lot 8, but I further agree with defendant that the original deed is subject to reformation.

I. Controlling Law

The issue of which state's law controls arose at oral argument. After reviewing the parties' supplemental post-hearing memoranda, I agree with both parties that Washington law applies here.

Except for the actual signing of the refinance transaction documents which occurred in Oregon, all other discussions took place in Washington and the property is located in Washington. As defendants note, the Deed of Trust contains a provision stating that it shall be governed by federal law and the law of the jurisdiction in which the property is located. Exh. 1 to Cotter Sec. Supp'l Affid. at p. 13.

Oregon's choice of law rules recognize that contractual choice of law provisions should be enforced. See Young v. Mobil Oil Corp., 85 Or. App. 64, 68-69, 735 P.2d 656-67 (1985) (recognizing that resolution of dispute required application of law of state chosen by parties in their contract, unless application of law of chosen state would be contrary to fundamental policy of state which

7 - OPINION & ORDER

had materially greater interest than chosen state). Here, the contractual choice of law provision requires application of Washington law because that is the state in which the property is located.

Even if there were no contractual choice of law provision, Washington law would apply. As plaintiff notes, Oregon looks to the Restatement (Second) of Conflict of Laws § 188 as a guide in resolving conflict of law questions. <u>Manz v. Continental Am. Life Ins. Co.</u>, 117 Or. App. 78, 82, 843 P.2d 480, 482 (1992), <u>modified on other grounds</u>, 119 Or. App. 31, 849 P.2d 549 (1993). Pursuant to Section 188, Oregon relies on the "most significant relationship" test for choice of law questions involving contractual disputes. <u>Bush v. Paragon Prop., Inc.</u>, 165 Or. App. 700, 712, 997 P.2d 882, 889 (2000) (Wollheim, J., concurring) ("In contract actions, Oregon generally applies the law of the state that has the most significant relationship to the parties and to the transaction."); <u>Young</u>, 85 Or. App. at 68, 735 P.2d at 656 (noting Oregon cases which cite § 188 as authority for reliance on most significant relationship test).

Plaintiff concedes that although it could be argued that Oregon has an interest in the reformation of documents that were executed here, under the most significant relationship test, Washington has the greater interest in the reformation of a deed purporting to secure property within that state. As defendants note, Washington's interests are paramount in this case given that most of the contacts and communications during the loan application process were conducted while plaintiff was in Washington, the property is located in Washington, the Deed of Trust was recorded

8 - OPINION & ORDER

in Washington, the alleged injury occurred in Washington, and the foreclosure occurred in Washington under Washington law. Washington has a greater interest than Oregon in recording and regulating property in Washington. Accordingly, whether the issue is resolved by reference to the parties' contractual choice of law provision or by the most significant relationship analysis, the result is the same - Washington law applies to the resolution of this dispute.

II. Validity of Original Deed of Trust

Defendants do not contest that absent reformation, the initial Deed of Trust is invalid. Washington law requires that sales of real property must describe the property by the correct lot number(s), block number, addition, city, county, and state. The Washington Supreme Court explained in a 1949 case that

> every contract or agreement involving a sale or conveyance of platted real property must contain, in addition to the other requirements of the statute of frauds, the description of such property by the correct lot number(s), block number, addition, city, county and state.

Martin v. Seigel, 35 Wn. 2d 223, 229, 212 P.2d 107, 110 (1949).

In a 1999 case, the Washington Supreme Court declined to overrule Martin and replace its strict requirement of a legal description with a rule that would permit the use of a street address to describe the property. Key Design, Inc. v. Moser, 138 Wn. 2d 875, 883-84, 983 P.2d 653, 659, amended, 993 P.2d 90 (1999).

Based on Washington's requirement of an accurate legal description, I agree with plaintiff that the original Deed of Trust is invalid as to Lot 8 and thus, Ameriquest did not have a valid

9 - OPINION & ORDER

interest in plaintiff's property to sell at the trustee's sale in January 2004.

III. Reformation

Defendants argue that the original Deed of Trust should be reformed and as reformed, it is valid, defeating plaintiff's declaratory judgment claim. Defendants acknowledge that the general rule in Washington is that land transaction contracts or deeds must meet the requirements of the statute of frauds, which, under Martin, means a full legal description of real property. However, defendants contend that exceptions for scrivener's error or mutual mistake apply here, rendering the Deed of Trust valid.

Under Washington law, an agreement containing an inadequate legal description is void and is not subject to reformation. Berg v. Ting, 125 Wash. 2d 544, 554, 886 P.2d 564, 570 (1995). However, where a scrivener's error or mutual mistake leads to the deficient legal description, the contract may be reformed before assessing its validity under the statute of frauds. Id.

As to a scrivener's error, the court in Snyder v. Peterson, 62 Wash. App. 522, 814 P.2d 1204 (1991) reformed a deficient deed description based on scrivener's error when the attorney who drafted the deed inadvertently left the section, township, range, and meridian off the deed. Id. at 526, 814 P.2d at 1206. The court noted that all of the parties involved in the case admittedly intended that the specific parcel of land in question pass to four siblings equally, there was no evidence of fraud or overreaching, and the circumstances clearly showed the grantor's intent. Id. The court stated that it was "apparent from the instrument itself that the mistake is one of the scrivener, adopted by both parties

when they signed the real-estate contract." Id. (internal quotation omitted).

As for mutual mistake, "[r]eformation is also appropriate when a deficient description in a deed is caused by a mutual mistake." Snyder, 62 Wash. App. at 527, 814 P.2d at 1207. "Conveyances of real property may be reformed on the ground of mutual mistake where such mistake is indicated by clear and convincing evidence." Key Design, 138 Wash. 2d at 888, 983 P.2d at 661. "The evidence must show that the intention of the parties was identical at the time of the transaction and that the written agreement did not express that intention." Id. "If the intention of the parties is identical at the time of the transaction, and the written agreement does not express that intention, then a mutual mistake has occurred." Tenco, Inc. v. Manning, 59 Wash. 2d 479, 483, 368 P.2d 372, 374 (1962).

In Tenco, the court noted that it was obvious from the record that the wrong property description appeared in the earnest money agreement. Id. The court explained that neither party knew about the erroneous description until litigation was commenced regarding the property, both sides entered and engaged in litigation with an understanding that the property in question was as alleged by the plaintiff, and the defendant owner of the property conceded that it was her intent to sell what she owned, not what was erroneously described in the earnest money agreement. Id. Based on this, the court concluded that the record clearly demonstrated a mutual mistake and allowed the earnest money agreement to be reformed. Id.

I conclude that based on the Deed of Trust itself, and the

11 - OPINION & ORDER

undisputed facts surrounding the refinance transaction, reformation is appropriate based on either a scrivener's error or mutual mistake. The uncontested facts are that (1) the original Deed of Trust contained the correct street address of the real property in question; (2) in her Complaint, plaintiff admits that the transaction was intended to be a refinance of her home mortgage for her real property located at 1018 NW 92nd Street, Vancouver, Compl. at ¶¶ 13, 14; (3) plaintiff admits that the correct legal description for this property is Lot 8 and she did not own Lot 9, Compl. at ¶¶ 13, 30; (4) when recorded, the Deed of Trust contained a legal description with a one numeral error in the lot portion of the description; (5) plaintiff lived at the real property both before and after this transaction; and (6) plaintiff used the proceeds of the new mortgage obtained from Ameriquest to pay off an existing mortgage on Lot 8.

While I do not rely on the testimony of Ameriquest's litigation analyst Claire Cotter who states in her affidavit and supplemental affidavit that Ameriquest intended to take an interest in Lot 8 and that it was scrivener's error that led to the lot being described as Lot 9[1], the undisputed evidence recited above is sufficient to establish, even under a clear and convincing standard required for mutual mistake, that both plaintiff and the moving defendants intended the refinance transaction, at the time of execution, to relate to plaintiff's home at 1018 NW 92nd Street in

---

[1] As I suggested at oral argument, because Cotter has only reviewed the transaction documents and did not herself actually participate in the transaction, she lacks personal knowledge to attest to Ameriquest's intent and to attest to a conclusion that the Lot 9 reference was the product of a scrivener's error.

12 - OPINION & ORDER

Vancouver with the Lot 8 legal description and that because of a scrivener's error or mutual mistake, the legal description contained in the recorded Deed of Trust recited Lot 9 instead of Lot 8.

Even when assuming the truth of plaintiff's testimony that at the time of signing, the Deed of Trust failed to contain an abbreviated legal description on page 1 or an Exhibit A with the full legal description, the law supports a conclusion that reformation is appropriate based on scrivener's error or mutual mistake. First, even if the Deed of Trust failed to contain an abbreviated or full legal description of the property, that does not negate the undisputed facts recited above, all of which combine to show that both parties intended the transaction to relate to the real property with the Lot 8 description.

Second, in Key Design, the land sale document at issue in that case completely omitted a legal description of the property being sold. 138 Wash. 2d at 877-78, 983 P.2d at 655. While the agreement was signed and contained an identification of the property by the business name currently located on the property, and the street address, the parties left blank the area provided for insertion of the full and complete legal description. Id.

Nonetheless, the court analyzed whether the agreement was subject to reformation under the doctrine of mutual mistake. Id. at 888, 983 P.2d at 661. Although the court concluded, based on the facts of that case, that no mutual mistake was shown, I read Key Design to stand for the proposition that a land sale document or deed of trust which omits a legal description, as well as one that contains an erroneous or otherwise inadequate legal

13 - OPINION & ORDER

description, may be reformed on the basis of mutual mistake, as long as the facts supporting a finding of mutual mistake are in the record. Accordingly, even accepting as true plaintiff's testimony regarding the Deed of Trust's alleged omission of any reference to any legal description of the property at the time of signing, it does not change my conclusion that reformation is appropriate.

Additionally, in their supplemental memorandum following oral argument, defendants provide authority for the proposition that reformation based on an inadequate, erroneous, or omitted legal description may occur even after a foreclosure. In Rogers v. Miller, 13 Wash. 82, 42 P. 525 (1895), the owner of property borrowed funds from Rogers and gave Rogers a mortgage against his property to secure repayment. Id. at 83, 42 P. 525. The landowner later defaulted and Rogers foreclosed on the property. Id. But, the landowner conveyed the property to another individual named Miller. Id. Rogers then brought an action to quiet title against Miller.

The recorded legal description of the property did not match the legal description given in the mortgage. Id. at 85, 42 P. at 526. In the quiet title action, Miller argued, similarly to plaintiff in the instant action, that a mortgage containing an inaccurate legal description could not be reformed after foreclosure of the property. Id. Miller contended that because the legal description in the mortgage did not match the recorded legal description made by the landowner in the "notification" filed in 1855, this mistake in the mortgage "should have been reformed prior to foreclosure, and that a deed founded upon such false and erroneous description is wholly insufficient to give color of

14 - OPINION & ORDER

title." Id.

The court rejected this argument. It stated that from the evidence in the case, it was clear that the original landowner had entered one piece of land and had but one land claim. Id. Referring to the parties' intent, the court explained that "[w]hat [the landowner] undertook to mortgage, and did mortgage, was his 'land claim.'" Id. Thus, the erroneous legal description in the mortgage did not preclude reformation of the document to conform to the parties' intentions, even after the foreclosure.

While cases from other states are not binding on an interpretation of Washington law, they are instructive and show that my conclusion here is not aberrant. See, e.g., Jones v. First Am. Title Ins. Co., 107 Cal. App. 4th 381, 388-89, 131 Cal. Rptr. 2d 859, 864-65 (2003) (allowing reformation of written instrument to correct mutual mistake in instrument after foreclosure sale); Grappo v. Mauch, 110 Nev. 1396, 1398, 887 P.2d 740, 741 (1995) (third party entitled to reformation of a deed of trust or mortgage when by mutual mistake the parties to the deed have omitted from the legal description a tract of land intended to be conveyed, and the third party subsequently purchases the land under a decree of foreclosure); Johnston v. Sorels, 21 Ark. App. 87, 91-93, 729 S.W. 2d 21, 23-24 (1987) (purchasers at foreclosure sale allowed to reform erroneous property descriptions in mortgages two years after the sale even though purchasers were not parties to the mutual mistake causing the error).

Accordingly, I conclude that the moving defendants should prevail on their request for reformation based on scrivener's error or mutual mistake. I find it unnecessary to consider the moving

15 - OPINION & ORDER

defendants' alternative part-performance argument.

IV. Waiver of Error in Notice of Default

As noted in the Background section above, the June 30, 2003 notice of default sent to plaintiff by Fidelity identified the property with the erroneous Lot 9 legal description. Washington nonjudidical foreclosure statutes require, <u>inter alia</u>, that at least thirty days before recording, transmitting, or serving a notice of sale, written notice of default must be transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first class and either registered or certified mail. RCW 61.24.030(7). The notice must contain, <u>inter alia</u>, a description of the property which is then subject to the deed of trust. RCW 61.24.030(7)(a).

Defendants argue that under the relevant Washington law, plaintiff has waived her right to challenge the defective legal property description in the default notice by failing to object to it before the foreclosure sale. I agree.

As explained by the Washington Court of Appeals, the Washington Deed of Trust Act has three basic public policy objectives: "First, the nonjudicial foreclosure process should remain efficient and inexpensive. . . . Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles." <u>Koegel v. Prudential Mut. Sav. Bank</u>, 51 Wash. App. 108, 113, 752 P.2d 385, 388 (1988) (citation omitted).

The Act includes specific procedures for stopping a trustee's sale prior to the sale to allow for the initiation of an action contesting the default. The Act provides that "[n]othing contained

16 - OPINION & ORDER

in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on any proper ground, a trustee's sale." RCW 61.24.130(1). As noted in a 2003 Washington Supreme Court case, the statutory procedure outlined in RCW 61.24.030(1) is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." Plein v. Lackey, 149 Wash. 2d 214, 226, 67 P.3d 1061, 1066 (2003) (internal quotation omitted).

Recipients of a notice of default are informed that the borrow, grantor, and any guarantor has recourse to the courts under RCW 61.24.130 to contest the alleged default on any proper ground. RCW 64.24.030(7)(j). And, recipients of the notice of trustee's sale are advised that

> [a]nyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain that sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

RCW 61.24.040(1)(f)(IX).

As Plein explained, a party waives its right to a post-sale contest where the party "(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." Plein, 149 Wash. 2d at 227, 67 P.3d at 1067.

Based on the waiver provision in the Act, defendants argue that plaintiff, who had notice of the right to enjoin the sale, knew of the defective legal description, and failed to bring a pre-

17 - OPINION & ORDER

sale action restraining the sale, cannot now challenge the validity of the foreclosure. Plein and Koegel teach that defendants are correct. See Koegel, 51 Wash. App. at 113, 752 P.2d at 388 (challenge to foreclosure based on incorrect description of property in notice of default waived when not challenged under Act's provision for pre-sale restraint of sale when there was knowledge of defective default notice).

The Deed of Trust is reformed to contain the correct Lot 8 legal description and as so reformed, it is valid. Any mistake in property designation in the notice of default is a challenge waived by plaintiff for failure to bring suit to restrain the sale prior to the sale. Finally, I reject plaintiff's unclean hands and estoppel arguments as they find no support in the record.

CONCLUSION

I grant the motion for summary judgment brought by defendants Ameriquest, Deutsche Bank, and Fidelity National Title (#52) on plaintiff's declaratory judgment claim. I deny plaintiff's motion for summary judgment (#47) on the declaratory judgment claim.

IT IS SO ORDERED.

Dated this  24th  day of  August , 2005.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge